UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL DEY BEY,<br><br>  Petitioner,<br><br>  v.<br><br>SOLANO COUNTY SUPERIOR COURT,<br><br>  Respondent. | No. 2:23-cv-01794-DAD-DMC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION DUE TO PETITIONER'S FAILURE TO PROSECUTE AND TO COMPLY WITH COURT ORDERS<br><br>(Doc. No. 5) |

Petitioner El Dey Bey is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 28, 2023, the court ordered petitioner to either file a motion to proceed *in forma pauperis* or pay the required filing fee in order to proceed with this habeas action. (Doc. No. 3.) The court provided petitioner with thirty days to comply with that order.[1] (*Id.* at 1.) Petitioner has not paid the required filing fee to proceed with this action nor filed an application to proceed *in forma pauperis*, and the deadline in which to do so has passed.

---

[1] The service copy of the August 28, 2023 order, which was mailed to petitioner at his address of record, was returned to the court as "undeliverable, unclaimed." Petitioner was thus required to file a notice of his change of address with the court no later than November 27, 2023. To date, petitioner has not filed a notice of his change of address or otherwise communicate with the court.

1

1      Accordingly, on November 11, 2023, the assigned magistrate judge issued findings and
2 recommendations recommending that this action be dismissed, without prejudice, due to
3 petitioner's failure to comply with the court's orders and failure to prosecute this action. (Doc.
4 No. 5.) The findings and recommendations were served upon petitioner and contained notice that
5 any objections thereto were to be filed within fourteen (14) days after service. (*Id*. at 2.) To date,
6 petitioner has not filed any objections and the time in which to do so has passed.[2]

7      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
8 *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the
9 pending findings and recommendations are supported by the record and proper analysis.

10     Having concluded that the pending petition must be dismissed, the court also declines to
11 issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute
12 right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v.*
13 *Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may
14 only issue a certificate of appealability when a petitioner makes a substantial showing of the
15 denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas
16 relief on procedural grounds without reaching the underlying constitutional claims, the court
17 should issue a certificate of appealability "if jurists of reason would find it debatable whether the
18 petition states a valid claim of the denial of a constitutional right and that jurists of reason would
19 find it debatable whether the district court was correct in its procedural ruling." *Slack v.*
20 *McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists
21 would not find the court's determination that the pending petition must be dismissed to be
22 debatable or wrong. Thus, the court declines to issue a certificate of appealability.

23     Accordingly,

24     1.   The findings and recommendations issued on November 11, 2023 (Doc. No. 5) are
25          adopted in full;

26     2.   The petition for writ of habeas corpus (Doc. No. 1) is dismissed;

---

[2] The service copy of the findings and recommendations, which was mailed to petitioner at his address of record, was again returned to the court as "undeliverable, unclaimed."

1 3. The court declines to issue a certificate of appealability; and

2 4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**December 21, 2023**__  
　　　　　　　　　　　　　　　　　　　　/s/ Dale A. Drozd  
　　　　　　　　　　　　　　　　　　　　DALE A. DROZD  
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE